FILED

12/31/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0726

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0726



FILED

DEC 3 1 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

DONALD DEAN GRANT,

Petition,

v.

JIM SALMONSEN, WARDEN,
MONTANA STATE PRISON,

Respondent.

O R D E R

Donald Dean Grant has filed a Petition for Writ of Habeas Corpus and attached a typewritten pleading, alleging structural error with his charging document, or Information, in his criminal case. He contends that this "structural error" requires reversal because such use would dictate a civil proceeding, not criminal, "as defined by Congress and by Constitutional Law out of the Supreme Court of the United States[.]" Grant cites to various cases, dating back to the 1700s. Grant contends that he is illegally incarcerated.

We conclude that Grant is not entitled to habeas corpus relief. Grant has filed similar challenges—to the commencement of his prosecution, to the filing of charges by information, and to his conviction—over the last two years. We have denied his petitions for habeas corpus relief. *See Grant v. Salmonsen*, No. OP 24-0224, Order (Mont. Apr. 23, 2024) (*Grant III*); *Grant v. Salmonsen*, No. OP 23-0626, Order (Mont. Nov. 14, 2023) (*Grant II*); and *Grant v. Salmonsen*, No OP 23-0197, Order, (Mont. Apr. 18, 2023) (*Grant I*).

We have advised Grant that he is precluded from challenging his conviction through the remedy of habeas corpus because he exhausted the remedy of appeal. Section 46-22-101(2), MCA. *Grant I*, at 2. Grant cannot challenge his 1982 convictions of homicide and deliberate homicide in a writ of habeas corpus again. *Grant II*, at 1-2. We

point out that this Court affirmed his convictions almost forty years ago.[1] *State v. Grant*, 221 Mont. 122, 124, 717 P.2d 562, 564 (1986). Grant cannot raise issues about the charging documents in such a writ. *Grant I*, at 2; *Grant II*, at 2; and *Grant III*, at 1.

Grant has not demonstrated illegal incarceration as required by § 46-22-101(1), MCA. He brings forth the same arguments that this Court has addressed previously. *Grant I*, *Grant II*, and *Grant III*. We caution Grant that if he persists in filing petitions contesting his 1982 convictions, this Court will require him to file a motion for leave before filing a petition for extraordinary relief.

IT IS THEREFORE ORDERED that Grant's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Donald Dean Grant personally.

DATED this ___31___ day of December, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

---

[1] In *Grant I* and *Grant II*, this Court mistakenly stated that Grant did not appeal his 1982 convictions. *Grant I*, at 2; *Grant II*, at 1.

2